██ PERCIVAL GOLDSON, Respondent, v MALVIA WALKER et al., Defendants, and REPHOEL "RAPHAEL" A. WEITZNER, Appellant. [885 NYS2d 133]—

In an action, inter alia, to recover damages for aiding and abetting fraud, the defendant Rephoel "Raphael" A. Weitzner appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated February 20, 2008, as denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

Viewing the allegations in the complaint as true and resolving all inferences in favor of the plaintiff (*see* CPLR 3211 [a] [7]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Surace v Commonwealth Land Tit. Ins. Co.*, 62 AD3d 861, 862 [2009]), the

complaint adequately states a cause of action against the appellant to recover damages for aiding and abetting fraud. The complaint alleges, among other things, that the appellant, who was the attorney for one of the owners of a corporation that purchased certain real property in an allegedly fraudulent transaction, knew of the fraud and advanced its commission. Specifically, the complaint alleges, among other things, that (a) a power of attorney purportedly appointing Julie Wilson as the plaintiff's agent and attorney-in-fact was invalid on its face in light of the numerous alterations and discrepancies therein, (b) the subject premises were being sold for far less than their fair market value, (c) a title report failed to indicate that certain conditions had been fulfilled with respect to "verifying the validity" of the power of attorney, and (d) the appellant provided a false office phone number in the real property transfer report. Accordingly, contrary to the appellant's contention, the complaint adequately set forth that he had actual knowledge of the fraud and that he provided substantial assistance to the commission of the fraud, which are essential elements of a cause of action to recover damages for aiding and abetting fraud (*see CPC Intl. v McKesson Corp.*, 70 NY2d 268, 285-286 [1987]; *Houbigant, Inc. v Deloitte & Touche*, 303 AD2d 92, 100 [2003]; *Rizel v Bodner*, 225 AD2d 410 [1996]; *Franco v English*, 210 AD2d 630, 633 [1994]; *cf. National Westminster Bank v Weksel*, 124 AD2d 144, 147 [1987]). Accordingly, the Supreme Court properly denied the appellant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him. Fisher, J.P., Angiolillo, Balkin and Belen, JJ., concur.