■ MICHELE MASON, as Administrator of the Estate of KEVIN DALE MASON, Deceased, Appellant, v FIRST CENTRAL NATIONAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent. [927 NYS2d 694]—

Kavanagh, J.

Plaintiff commenced this action against defendant alleging that it breached the terms of a life insurance policy by refusing to pay benefits under the policy it issued to decedent prior to his death, and also sought punitive damages. Defendant moved to dismiss the complaint claiming that documentary evidence existed that established a defense to the claim as a matter of law (*see* CPLR 3211 [a] [1]) and on the ground that plaintiff failed to state a cause of action (*see* CPLR 3211 [a] [7]). Supreme Court granted defendant's motion, prompting this appeal.

At the outset, plaintiff's second cause of action for punitive damages was properly dismissed, as "a demand for such damages does not constitute a separate cause of action in a complaint" (*Cass v Broome County Coop. Ins. Co.*, 94 AD2d 822, 823 [1983]; *see Rochester Linoleum & Carpet Ctr., Inc. v Cassin*, 61 AD3d 1201, 1204 [2009]; *Martin v Columbia Greene Humane Socy., Inc.*, 17 AD3d 839, 841 [2005]). Turning to plaintiff's breach of contract claim, defendant refused to pay benefits under this policy because it claimed that when decedent had applied for it, he was not truthful about his medical history and

had made material misrepresentations regarding his medical condition. Specifically, in the written application that decedent completed when seeking the policy, he denied that he had ever been "diagnosed by a member of the medical profession as having (1) high blood pressure . . . [or] (7) [a] drug or alcohol related condition." In support of its motion to dismiss, defendant submitted medical records establishing that, prior to applying for the policy, decedent had received medical treatment for hypertension and alleged alcoholism. Defendant argued that these records constituted documentary proof that conclusively established its defense to this action as a matter of law. Supreme Court agreed and granted its motion to dismiss (*see* CPLR 3211 [a] [1]).

A "motion to dismiss on the ground that the action is barred by documentary evidence . . . may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]). In our view, under these circumstances, the contents of decedent's medical records are not so "essentially undeniable" as to qualify as documentary evidence that conclusively refutes any claim that plaintiff might have to recover under this policy (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10, at 22; *Fontanetta v John Doe 1*, 73 AD3d 78, 83-84 [2010]). Specifically, these medical records do not establish as a matter of law that decedent knew when he applied for this insurance policy that hypertension was synonymous with high blood pressure or that he had been diagnosed with a medical condition that was alcohol-related. Given the strict standard that such records must satisfy to qualify as documentary evidence (*see Crepin v Fogarty*, 59 AD3d 837, 838 [2009]; *Unadilla Silo Co. v Ernst & Young*, 234 AD2d 754, 755 [1996]; *see also Fontanetta v John Doe 1*, 73 AD3d at 86), defendant's motion to dismiss plaintiff's first cause of action on this ground should have been denied.

As to defendant's argument that this claim failed to state a cause of action (*see* CPLR 3211 [a] [7]), we disagree. The question to be resolved on such a motion is not whether plaintiff "can ultimately establish [her] allegations" and is likely to prevail, but whether, if believed, her complaint sets forth facts that constitute a viable cause of action (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see Crepin v Fogarty*, 59

AD3d at 838).* Here, the allegations in the complaint, if accepted as true and accorded the benefit of every favorable inference, state such a claim (*see Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004]). Accordingly, defendant's motion to dismiss plaintiff's first cause of action on this ground must be denied.

Mercure, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion to dismiss the first cause of action; motion denied to that extent; and, as so modified, affirmed.

---

* While Supreme Court's order referenced CPLR 3211 (a) (7), the content of its order clearly suggests that the court based its dismissal of the complaint on CPLR 3211 (a) (1).