■ J.A. LEE ELECTRIC, INC., Respondent, v CITY OF NEW YORK, Appellant. [990 NYS2d 223]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered April 5, 2013, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the second cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

On or about July 8, 2009, the plaintiff and the defendant,

City of New York, by its agency, the New York City Department of Parks and Recreation (hereinafter the DPR), entered into a contract for the construction of playgrounds at certain school-yards in Queens. On or about April 11, 2012, the plaintiff submitted a final bill of claim to the DPR seeking, among other things, damages allegedly resulting from delays on the project. This claim was denied by the DPR. The plaintiff thereafter commenced this action against the defendant to recover damages for breach of contract. The defendant moved, inter alia, to dismiss the second cause of action pursuant to CPLR 3211 (a) (1), (5) and (7), based on the plaintiff's alleged failure to comply with certain notice procedures set forth in the contract. The Supreme Court denied that branch of the motion.

"A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted only if the 'documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Fontanetta v John Doe 1*, 73 AD3d 78, 83-84 [2010], quoting *Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383, 383 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Guido v Orange Regional Med. Ctr.*, 102 AD3d 828, 830 [2013]). "Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211 (a) (1)" (*Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2010] [internal quotation marks omitted]; *see Suchmacher v Manana Grocery*, 73 AD3d 1017, 1017 [2010]; *Fontanetta v John Doe 1*, 73 AD3d at 86). Contrary to the defendant's contention, an affidavit by a DPR project manager did not constitute documentary evidence with the intendment of CPLR 3211 (a) (1) (*see Granada Condominium III Assn. v Palomino*, 78 AD3d at 997).

To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired (*see Fleetwood Agency, Inc. v Verde Elec. Corp.*, 85 AD3d 850 [2011]; *Sabadie v Burke*, 47 AD3d 913, 914 [2008]). Only then does the burden shift to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether it actually commenced the action within the applicable limitations period (*see Reid v Incorporated Vil. of Floral Park*, 107 AD3d 777, 778 [2013]; *Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358, 1359 [2011]). Here, in support of its motion, the defendant submitted the subject contract, which provided that the plaintiff had six months after the date of the "substantial completion"

of the contract to commence an action against the defendant sounding in breach of contract. The defendant also submitted a letter dated March 16, 2011, that was denominated a "final inspection report," to which was attached a punch list of outstanding items that were still to be completed and a list of completed items that remained to be documented. In light of these submissions, the defendant failed to demonstrate that there had been "substantial completion" of the contract, which would trigger the running of the contractually fixed limitations period. Accordingly, the defendant failed to satisfy its initial burden of demonstrating that the time within which the plaintiff was required to commence the action had expired.

When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Sokol v Leader*, 74 AD3d 1180, 1181-1182 [2010]). In considering such a motion, "the court [must] 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007], quoting *Leon v Martinez*, 84 NY2d at 87-88). Affidavits submitted by a defendant "will almost never warrant dismissal under CPLR 3211 *unless* they 'establish conclusively that [the plaintiff] has no . . . cause of action' " (*Lawrence v Graubard Miller*, 11 NY3d 588, 595 [2008], quoting *Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]). A motion to dismiss pursuant to CPLR 3211 (a) (7) in which the movant relies upon evidence beyond the four corners of the complaint must be denied "unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (*Guggenheimer v Ginzburg*, 43 NY2d at 275). Here, although the defendant submitted evidence beyond the complaint, it failed to submit evidence demonstrating that any fact related to the plaintiff's breach of contract cause of action that was predicated on delays in the project was, undisputedly, not a fact at all (*see Guggenheimer v Ginzburg*, 43 NY2d at 275; *Sokol v Leader*, 74 AD3d at 1182). To the contrary, the evidence demonstrated the existence of a significant dispute as to whether the defendant received notice, as required by the contract, of the circumstances causing the delay.

In light of the foregoing, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the second cause of action. Skelos, J.P., Lott, Roman and LaSalle, JJ., concur.