*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 5, 2017                    522224
_____

STATE OF NEW YORK WORKERS'
   COMPENSATION BOARD, as
   Administrator of the
   Workers' Compensation Law
   and attendant regulations,
   and as Successor in Interest
   to THE HEALTH CARE PROVIDERS
   SELF-INSURANCE TRUST,
               Respondent-
               Appellant,

    v                                         OPINION AND ORDER

PHYLLIS WANG et al.,
               Respondents,
   and

PROGRAM RISK MANAGEMENT, INC.,
   et al.,
               Appellants-
               Respondents,
               et al.,
               Defendants.
_____

Calendar Date:   October 13, 2016

Before:   Garry, J.P., Egan Jr., Rose, Devine and Mulvey, JJ.

_____

     Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola
(Maurizio Savoiardo of counsel), for Program Risk Management,
Inc. and others, appellants-respondents.

     Denlea & Carton LLP, White Plains (Peter N. Freiberg of
counsel), for Albert Johansmeyer and another, appellants-
respondents.

Phillips Lytle LLP, Buffalo (Craig R. Bucki of counsel), for Todd Brason and others, appellants-respondents.

Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott W. Bush of counsel), for Joel Hodes, appellant-respondent.

Hinman Straub PC, Albany (Joseph M. Dougherty of counsel), for respondent-appellant.

Dreyer Boyajian LLP, Albany (John J. Dowd of counsel), for Phyllis Wang, respondent.

David R. Sheridan, Delmar, for Robert Callaghan and others, respondents.

Cooper Erving & Savage LLP, Albany (Michael A. Kornstein of counsel), for Nelson Carpentar and another, respondents.

Couch White, Albany (Joel M. Howard III of counsel), for Thomas Gosdeck, respondent.

_____

Egan Jr., J.

Cross appeals from an order and an amended order of the Supreme Court (McNamara, J.), entered March 3, 2015 and May 12, 2015 in Albany County, which, among other things, partially granted certain defendants' motions to dismiss the complaint.

The Health Care Providers Self-Insurance Trust, a group self-insured trust, was formed in 1992 to provide mandated workers' compensation coverage to employees of the trust's members (see Workers' Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3). The trust contracted with defendant Program Risk Management, Inc. (hereinafter PRM) to serve as its program administrator, which, in turn, employed defendants Thomas Arney, Colleen Bardascini, John M. Conroy, Gail Farrell and Edward Sorenson (hereinafter collectively referred to as the PRM individual defendants). Additionally, the trust contracted with

defendant PRM Claims Services, Inc. (hereinafter PRMCS) to serve as its claims administrator (see 12 NYCRR 317.2 [d]).  Arney and defendants Judy Balaban-Krause, Robert Callaghan, Nelson Carpentar, Laura Donaldson, Ronald Field, Thomas Gosdeck, Joel Hodes, Albert Johansmeyer[1] and Michael Reda (hereinafter collectively referred to as the trustee defendants), among others, served as trustees.[2]

In 2009, plaintiff determined that the trust was insolvent and assumed the administration thereof (see 12 NYCRR 317.20). Thereafter, plaintiff obtained a forensic audit, which allegedly revealed that the trust had an accumulated deficit of over $188 million.  On July 8, 2011, plaintiff commenced this action, later amended in January 2012, in its capacity as the governmental entity charged with the administration of the Workers' Compensation Law and attendant regulations, and as successor in interest to the trust.  Plaintiff alleged 32 causes of action against certain defendants sounding in, among other things, breach of contract, breach of good faith and fair dealing, breach of fiduciary duty, fraud, fraud in the inducement, negligent misrepresentation, gross negligence, alter ego liability and indemnification.[3]  The complaint asserts that, as a result of defendants' failures and wrongdoings, plaintiff has incurred liability for, among other things, "certain [t]rust [m]embers' assessments," "significant additional administrative expenses of the [t]rust" and "the amount of the total deficit of the

---

[1]  Johansmeyer's name erroneously appears in the complaint as "Bert Johansmeyer."

[2]  As plaintiff alleges claims against Hodes both in his capacity as a trustee and as counsel to the trust, his capacity is indicated when necessary.  A similar distinction is made with respect to Arney, who was sued both individually and in his capacity as a trustee.

[3]  It is noted that the underlying facts and causes of action set forth herein mirror those raised by employer members of the trust in Accredited Aides Plus, Inc. v Program Risk Mgt., Inc. (___ AD3d ___ [decided herewith]).

[t]rust."

Balaban-Krause, Callaghan, Donaldson and Field, collectively, and Arney, Carpentar, Gosdeck,[4] Hodes, Johansmeyer and Reda, individually, moved to dismiss the complaint pursuant to, among other provisions, CPLR 3211 (a) (5) (statute of limitations) and CPLR 3211 (a) (7) (failure to state a cause of action). PRM, PRMCS and the PRM individual defendants (hereinafter collectively referred to as the PRM defendants) moved to dismiss the complaint pursuant to, among other provisions, CPLR 3211 (a) (1) (documentary evidence), CPLR 3211 (a) (3) (capacity to sue) and CPLR 3211 (a) (7). Plaintiff opposed defendants' motions to dismiss and cross-moved for leave to amend the complaint to include aiding and abetting breach of fiduciary duty and fraud claims against certain defendants.

Supreme Court partially granted certain defendants' motions by dismissing the breach of contract and breach of good faith and fair dealing claims against Arney (as trustee), Balaban-Krause, Callaghan, Hodes (as trustee), Johansmeyer and Reda, and limiting the temporal scope of such claims as to the PRM defendants, Donaldson and Field. The court also limited the temporal scope of plaintiff's breach of fiduciary duty cause of action against PRM, the PRM individual defendants and Carpentar, and dismissed the same claims against Hodes (as counsel) and the remaining trustee defendants. Similarly, the court limited the temporal scope of plaintiff's claims for fraud and fraud in the inducement and dismissed its negligent misrepresentation claim against the PRM defendants. Although the court also limited the temporal scope of the claims for negligence and gross negligence against Carpentar, it dismissed such claims as to the remaining trustee defendants, as well as the claim for gross negligence against

_____

[4] As a result of plaintiff's subsequent stipulation that discontinued its causes of action for breach of contract, breach of good faith and fair dealing, negligence and gross negligence against Gosdeck, and in light of his failure to appeal with respect to the surviving claims, the only claim at issue on appeal in regard to this defendant is plaintiff's fourth cause of action for breach of fiduciary duty.

Hodes (as counsel).

As to plaintiff's cause of action for alter ego liability, Supreme Court dismissed that portion of the complaint against Arney and Conroy, but denied the motion as it pertained to PRM, PRMCS, Bardascini, Farrell and Sorenson. Additionally, the court dismissed the common-law indemnification claim against PRMCS, but permitted such claim as alleged against PRM, the PRM individual defendants, Johansmeyer and Reda. Finally, the court, among other things, granted plaintiff leave to amend the complaint to add causes of action for aiding and abetting breach of fiduciary duty and fraud against certain defendants, including defendants Todd Brason, Thomas Buckley, Kenrick Cort, Gwen Eichorn, Carmen Flitt, John Fraher, Sanford Katz, Robert Kolb, Timothy McGorry, Phyllis Raymond, Robin Richards, Gregory Schaefer, Jordan Shames, David Slifkin, Suzanne Smith and Richard Swanson (hereinafter collectively referred to as the Phillips Lytle trustee defendants). Johansmeyer and Reda, collectively, the PRM defendants and the Phillips Lytle trustee defendants appeal, and plaintiff cross-appeals.[5]

---

[5] Preliminarily, insofar as the PRM defendants failed to address in their brief the denial of their motion to dismiss plaintiff's twenty-ninth cause of action for an accounting and thirtieth and thirty-first causes of action for contractual indemnification, their appeal related thereto is deemed abandoned (see Matter of Siennikov v Professional Grade Constr., Inc., 137 AD3d 1440, 1441 n 1 [2016]; Goodnow Flow Assn. Inc. v Graves, 135 AD3d 1228, 1229 n 1 [2016]). Similarly, although plaintiff cross-appealed from the judgment dismissing its claims against the PRM defendants, it has abandoned any contentions related to its thirteenth cause of action for conversion by failing to address it in its brief (see Towne v Kingsley, 121 AD3d 1381, 1382 n [2014]; Mills v Chauvin, 103 AD3d 1041, 1044 n 2 [2013]). Moreover, plaintiff withdrew its seventeenth and eighteenth causes of action alleging that PRM and the PRM individual defendants engaged in deceptive business practices in contravention of General Business Law §§ 349 and 350.

As an initial matter, contrary to the claims of certain defendants, we find that plaintiff has standing to maintain this action as a successor in interest to the trust. Specifically, plaintiff "stands in the shoes of the [t]rust" (New York State Workers' Compensation Bd. v Marsh U.S.A., Inc., 126 AD3d 1085, 1087 [2015] [internal quotation marks and citation omitted]) and, therefore, has standing to bring any claims that the trust may bring against defendants (see State of N.Y. Workers' Compensation Bd. v Madden, 119 AD3d 1022, 1024 [2014]; see also New York State Workers' Compensation Bd. v Marsh U.S.A., Inc., 126 AD3d at 1087 n 5; New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d 1148, 1149-1150 [2014]).

Dismissal may be warranted under CPLR 3211 (a) (5) where a defendant establishes, prima facie, that a cause of action is time-barred by the expiration of the applicable statute of limitations (see Stewart v GDC Tower at Greystone, 138 AD3d 729, 729 [2016]; State of Narrow Fabric, Inc. v UNIFI, Inc., 126 AD3d 881, 882 [2015]; J.A. Lee Elec., Inc. v City of New York, 119 AD3d 652, 653 [2014]). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled or was otherwise inapplicable, or whether the action was actually commenced within the period propounded by the defendant" (State of Narrow Fabric, Inc. v UNIFI, Inc., 126 AD3d at 882 [internal quotation marks and citation omitted]; see Picard v Fish, 139 AD3d 1331, 1332-1334 [2016]; Geotech Enters., Inc. v 181 Edgewater, LLC, 137 AD3d 1213, 1214 [2016]).

Beginning with plaintiff's first cause of action for breach of contract, as well as its second and third causes of action for breach of good faith and fair dealing, we agree with Supreme Court that such claims are time-barred by the applicable six-year statute of limitations to the extent that the alleged breaches occurred before July 8, 2005 (see CPLR 203 [a]; 213 [2]; see also Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1030 [2013]; Kosowsky v Willard Mtn., Inc., 90 AD3d 1127, 1131 [2011]; Liberman v Worden, 268 AD2d 337, 339 [2000]). Turning to plaintiff's fourth and fifth causes of action for breach of fiduciary duty, each is subject to a three-year statute of limitations as "the remedy sought is purely monetary in nature

and it cannot be said that an allegation of fraud is essential to [these] claim[s]" (Weight v Day, 134 AD3d 806, 808 [2015]; see CPLR 214 [4]; see generally IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]; compare New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d 1250, 1253-1254 [2015]). Furthermore, the statute of limitations for breach of fiduciary duty claims begins to run on the date that the fiduciary's relationship with or administration of a trust ceases (see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 201 [2008]; Matter of Therm, Inc., 132 AD3d 1137, 1138 [2015]; New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d at 1253).

Here, in support of their motion to dismiss, PRM and the PRM individual defendants submitted written correspondence in which plaintiff states that it assumed administration of the trust effective October 13, 2009. Accordingly, Supreme Court should have determined that plaintiff's fourth cause of action was timely as the fiduciary relationship between PRM and the PRM individual defendants and the trust, of which plaintiff is the successor in interest, terminated — and, hence, the three-year statute of limitations period commenced — on October 13, 2009 (see New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d at 1253; Matter of De Sanchez, 107 AD3d 409, 410 [2013]; compare Matter of Barabash, 31 NY2d 76, 80-81 [1972]; Matter of Ruth Bronner & Zwi Levy Family Sprinkling Trust, 112 AD3d 429, 429 [2013]).

As to the trustee defendants, Arney (as trustee), Balaban-Krause, Callaghan, Gosdeck, Johansmeyer and Reda each submitted affidavits, and Hodes (as trustee) submitted trust meeting minutes, in support of their respective motions to dismiss — each of which constituted prima facie proof that these defendants ceased serving as trustees before plaintiff's claims accrued.[6]

_____

    [6] Plaintiff does not take issue with the dismissal of its claims for breach of fiduciary duty or the partial dismissal of its claims for breach of contract and good faith and fair dealing as alleged against Donaldson and Field, and, thus, has abandoned any argument related to such claims (see Ruotolo v Fannie Mae,

Specifically, October 2004 was the latest that any of the foregoing trustee defendants served as trustees, more than six years prior to the commencement of this action, thus barring plaintiff's causes of action for breach of contract, breach of good faith and fair dealing, breach of fiduciary duty, negligence and gross negligence as asserted against them (see CPLR 203 [a]; 213 [2]; 214 [4]).[7] We also find that Carpentar established through his affidavit that his service as trustee ceased when plaintiff assumed administration of the trust, and, as such, the cause of action against him for breach of fiduciary duty was properly limited to only those claims that arose within three years of commencement of the instant action (see CPLR 213 [2]).[8] Accordingly, these trustee defendants shifted the burden to plaintiff to raise a question of fact as to whether the statutes of limitations should be tolled (see Assad v City of New York, 238 AD2d 456, 456-457 [1997], lv dismissed 91 NY2d 848 [1997]; Doyon v Bascom, 38 AD2d 645, 645-646 [1971]).[9]

---

127 AD3d 1442, 1443 [2015], appeal dismissed 26 NY3d 983 [2015]; New York State Workers' Compensation Bd. v Marsh U.S.A., Inc., 126 AD3d at 1087 n 4). Moreover, in regard to Gosdeck, only the fourth cause of action for breach of fiduciary duty is at issue on appeal as a result of plaintiff's stipulation.

[7] Notably, plaintiff's complaint states that Arney resigned from his duties as a trustee on or about July 1993.

[8] Contrary to plaintiff's contention on appeal, Supreme Court denied Carpentar's motion to dismiss its first cause of action for breach of contract and third cause of action for breach of good faith and fair dealing.

[9] To the extent that plaintiff does not challenge Supreme Court's sole finding that its breach of fiduciary duty claim against Hodes (as counsel) was duplicative of its twenty-first cause of action for professional negligence, it has abandoned any appeal related thereto (see generally Matter of Kairis v Fischer, 138 AD3d 1360, 1360 n [2016]). Likewise, plaintiff has abandoned any contentions regarding the court's dismissal of its sixteenth cause of action for negligent misrepresentation and twenty-second

To the extent that plaintiff relies upon the doctrine of equitable estoppel to toll the statutes of limitations, we reject such effort.  Equitable estoppel may be invoked to defeat a statute of limitations defense so long as the plaintiff establishes that it "was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (Zumpano v Quinn, 6 NY3d 666, 674 [2006] [internal quotation marks and citation omitted]), and "that it was diligent in commencing the action 'within a reasonable time after the facts giving rise to the estoppel have ceased to be operational'" (Marincovich v Dunes Hotels & Casinos, Inc., 41 AD3d 1006, 1010 [2007], quoting Simcuski v Saeli, 44 NY2d 442, 450 [1978]).  However, "equitable estoppel does not apply where the misrepresentation or act of concealment underlying the estoppel claim is the same act which forms the basis of the plaintiff's underlying substantive causes of action" (Torrance Constr., Inc. v Jaques, 127 AD3d 1261, 1265 [2015] [internal quotation marks, brackets and citations omitted]; see Kosowsky v Willard Mtn., Inc., 90 AD3d at 1130-1131; Robare v Fortune Brands, Inc., 39 AD3d 1045, 1046 [2007], lv denied 9 NY3d 810 [2007]).

Here, plaintiff concedes that it was continuously aware of the trust's significant underfunding since 2004, yet did not commission a forensic analysis of the trust until 2010.  Moreover, the misrepresentations that allegedly prevented plaintiff from filing a timely action — specifically, representations regarding the trust's solvency — are also the basis for its underlying substantive claims (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 789 [2012]; Beck v Christie's Inc., 141 AD3d 442, 443-444 [2016]).  As such, we reject plaintiff's contention that defendants should be precluded from relying upon a statute of limitations defense through employing the "extraordinary remedy" of the doctrine of equitable estoppel (Marincovich v Dunes Hotels & Casinos, Inc., 41 AD3d at 1010; see

---

cause of action for gross negligence against Hodes (as counsel) by failing to advance it in its brief on appeal (see Salzer v Benderson Dev. Co., LLC, 130 AD3d 1226, 1229 [2015]).

McCormick v Favreau, 82 AD3d 1537, 1540 [2011], lv denied 17 NY3d 712 [2011]).[10]

As to the cross appeals, the PRM defendants contend that, even adopting a liberal standard, Supreme Court should have dismissed the entirety of plaintiff's causes of action for breach of contract, breach of fiduciary duty, fraud, fraud in the inducement, alter ego liability and common-law indemnification. Plaintiff alleged that the trust was an express and intended beneficiary of the program administrator service agreements in which PRM promised to, among other obligations, "monitor the financial condition and activities of the [t]rust" and "manage the activities of the third[-]party administrator" and "the loss control consultant." Similarly, PRMCS contracted with the trust to "[p]erform necessary and customary administrative and clerical work in connection with each [c]laim," as well as "[p]ay [c]laims and [a]llocated [e]xpenses." Plaintiff alleged that PRM and PRMCS each breached their respective contractual obligations by, among other things, "failing to provide adequate claims administrative services, loss control and risk management services." Based on the foregoing, and liberally construing the facial sufficiency of the complaint (see 12 Baker Hill Rd., Inc. v Miranti, 130 AD3d 1425, 1426 [2015]), we agree with Supreme Court that plaintiff sufficiently pleaded a cause of action for breach of contract against the PRM defendants as limited by a six-year statute of limitations (see CPLR 213 [2]; Evans v Deposit Cent. Sch. Dist., 139 AD3d 1172, 1174 [2016]; compare Hyman v Schwartz, 127 AD3d 1281, 1283 [2015]).

We reach a similar conclusion with respect to the PRM defendants' contention that the forensic report constituted documentary evidence that conclusively established that PRM and

[10] With respect to the eighth, eleventh, nineteenth and twentieth causes of action, plaintiff does not address Supreme Court's calculation of the applicable statute of limitations and, as generously interpreted, only argues that it should have been permitted to utilize the doctrine of equitable estoppel. For the reasons stated supra, we similarly reject plaintiff's contention as it relates to these causes of action.

PRMCS "performed their contractual services."  Notably, the forensic report states that the independent review concluded that PRM "failed to provide a satisfactory level of claims processing service on behalf of the [trust]" and that PRMCS under-reserved claims "thereby contributing to the member deficit."  As such, without deciding whether the forensic report constitutes documentary evidence (see generally Eisner v Cusumano Constr., Inc., 132 AD3d 940, 941-942 [2015]), we find that it failed to conclusively refute plaintiff's breach of contract claims (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152-153 [2002]; Raach v SLSJET Mgt. Corp., 134 AD3d 792, 794 [2015]; see also CPLR 3211 [a] [1]).

Turning to the PRM defendants' cross appeal with respect to plaintiff's timely claims for breach of fiduciary duty, we agree with Supreme Court that, for pleading purposes, plaintiff adequately set forth allegations, apart from the terms of the underlying administration agreements, that created a relationship of higher trust than what would arise from the administration agreements alone (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; Matter of Lorie DeHimer Irrevocable Trust, 122 AD3d 1352, 1352-1353 [2014]; compare NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 794-795 [2016]).  Plaintiff alleged that PRM and the PRM individual defendants "influenced and controlled the [t]rust and possessed superior access to [t]rust information" and "creat[ed] a relationship of trust and confidence between" itself and the trust.  Specifically, plaintiff alleged that PRM and the PRM individual defendants went so far as to participate and control trust board meetings, contract with third parties on behalf of the trust, decide trust investments and appoint trustees.  Additionally, plaintiff alleged that PRM and the PRM individual defendants "agreed to exercise good faith and undivided loyalty to the [t]rust" to, among other things, "develop[] underwriting criteria," and that the breach of their duty resulted in monetary damages (see generally New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d at 1152-1153; ARB Upstate Communications LLC v R.J. Reuter, L.L.C., 93 AD3d 929, 930-931 [2012]).

Similarly, we discern no error in Supreme Court permitting the timely portions of plaintiff's eighth and eleventh causes of

action based in fraud to proceed against the PRM defendants (see generally ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1044 [2015]; 84 Lbr. Co., L.P. v Barringer, 110 AD3d 1224, 1226 [2013]).  However, we agree with plaintiff that the court should not have dismissed its sixteenth cause of action for negligent misrepresentation against the PRM defendants.[11] Plaintiff alleged, among other things, that in order to induce the trust to enter into and continue the program and claims administrator services contracts, the PRM defendants misrepresented and omitted material facts known to be false that were related to the trust's financial solvency, compliance with the Workers' Compensation Law and accompanying regulations and the PRM defendants' capacity — all of which plaintiff relied upon to its financial detriment.  Accordingly, we find that plaintiff's allegations based in fraud "are not redundant but, rather, sufficiently allege duties that are independent from [the PRM defendants'] alleged failure to perform the terms of the contracts" (NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d at 798; see TIAA Global Invs., LLC v One Astoria Sq. LLC, 127 AD3d 75, 87 [2015]; Gizzi v Hall, 300 AD2d 879, 880 [2002]; compare Carpenter v Plattsburgh Wholesale Homes, Inc., 83 AD3d 1175, 1176 [2011]).

Moreover, for the reasons stated supra, we find that the PRM defendants were "in a special position of confidence and trust with the [trust] such that reliance on the negligent misrepresentation is justified" (Greenberg, Trager & Herbst, LLP v HSBC Bank USA, 17 NY3d 565, 578 [2011] [internal quotation marks and citation omitted]; compare Zelber v Lewoc, 6 AD3d 1043, 1044-1045 [2004]).  Therefore, Supreme Court should not have dismissed plaintiff's claim for negligent misrepresentation; rather, consistent with the temporal limitation imposed upon plaintiff's fraud claims, the sixteenth cause of action survives

_____

[11]  Inasmuch as plaintiff only challenges Supreme Court's dismissal of its sixteenth cause of action for negligent misrepresentation against the PRM defendants, it abandons any challenge to the court's dismissal of that portion of its claim against Hodes (as counsel) (see Salzer v Benderson Dev. Co., LLC, 130 AD3d at 1229).

as to those claims that accrued within six years of filing of the instant action.

As to alter ego liability, plaintiff alleged that PRM, PRMCS and the PRM individual defendants "are each the alter ego of the other as they perform similar functions, share profits and are both managed by Conroy." As Supreme Court's order and amended order, as well as the parties' briefs, focus solely on the liability of the PRM individual defendants, we need not reach the issue as to whether plaintiff sufficiently requested a declaratory judgment of alter ego liability against PRM and PRMCS. Upon review of the pleadings, plaintiff asserts that Conroy is the president of both PRM and PRMCS, and that Arney, his predecessor, held the same positions. Plaintiff further alleges that Bardascini, Farrell and Sorenson were owners of PRM during unspecified periods of time. While plaintiff's allegations that Arney and Conroy each served concurrently as president of both PRM and PRMCS are sufficient (see ARB Upstate Communications LLC v R.J. Reuter, L.L.C., 93 AD3d at 931), the conclusory statements regarding Bardascini, Farrell and Sorenson do not permit piercing the corporate veil and imposing individual liability (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d 785, 790 [2016]; Weis v Selected Meat Packers, 91 AD2d 1085, 1086 [1983]; see also CPLR 3013, 3016 [b]; see generally Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140-142 [1993]).

As to the thirty-second cause of action, plaintiff challenges the dismissal of its common-law indemnification claim against PRMCS; the PRM defendants contend that Supreme Court should have dismissed the claims against PRM and the PRM individual defendants because the Workers' Compensation Law does not create a common duty for service providers to maintain the solvency of a trust. Additionally, Johansmeyer and Reda contend that the court should have dismissed the only surviving claim against them because the complaint fails to identify specific wrongdoings attributable to them. A plaintiff is entitled to common-law indemnification upon "a showing that the plaintiff and the defendant owed a duty to third parties, and that the plaintiff discharged the duty which, as between the plaintiff and the defendant, should have been discharged by the defendant"

(Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc., 106 AD3d 1255, 1258 [2013] [internal quotation marks, brackets and citation omitted]; see McDermott v City of New York, 50 NY2d 211, 216-217 [1980]).  "Such an implied obligation may arise from contractual relations or from the status of the parties as a matter of law, or it may be imposed by statute" (State of N.Y. Workers' Compensation Bd. v Madden, 119 AD3d at 1024 [internal quotation marks and citations omitted]).

Here, plaintiff, by virtue of the Workers' Compensation Law and its enabling regulations (see Workers' Compensation Law § 50-a; 12 NYCRR 317.9, 317.20), and PRM and PRMCS, by virtue of their agreements with the trust, owed a common duty to the covered employer members to ensure that the trust maintained adequate reserves to cover employee claims.  Similarly, plaintiff, by virtue of its statutory and regulatory role, and Johansmeyer and Reda, by virtue of the trust bylaws, owed a common duty to the covered employer members to ensure that the trust maintained adequate reserves such that its assets would cover its liabilities (see New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d at 1258-1259; State of N.Y. Workers' Compensation Bd. v Madden, 119 AD3d at 1025; Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc., 106 AD3d at 1258-1259; compare Germantown Cent. School Dist. v Clark, Clark, Millis & Gilson, 294 AD2d 93, 98-99 [2002], affd 100 NY2d 202 [2003]).  Plaintiff further alleged that "through no fault of its own," breaches by Johansmeyer, Reda, PRM and PRMCS contributed to the trust's insolvency and, thus, they should "in the interests of justice" cover the costs that plaintiff incurred in carrying out its obligations.

Contrary to Johansmeyer's and Reda's contentions, dismissal of the other claims against them does not affect the viability of plaintiff's common-law indemnification claim, and plaintiff is not required to "specify the amount of damages attributable to each trustee defendant's time as trustee, only that it specify that it paid a common obligation that the trustee defendants ought to have paid" (Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc., 106 AD3d at 1259).  Accordingly, viewing the complaint liberally and accepting its allegations as true (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178

[2011]), Supreme Court did not err in permitting plaintiff's claim for common-law indemnification, as alleged in its governmental capacity, against Johansmeyer, Reda and PRM to proceed (see State of N.Y. Workers' Compensation Bd. v Madden, 119 AD3d at 1025; see generally City of New York v Lead Indus. Assn., 222 AD2d 119, 125 [1996]). However, the court also should have permitted plaintiff's claim for common-law indemnification, as alleged in its governmental capacity, to proceed against PRMCS as the agreement between PRMCS and the trust similarly established such a duty. As to Arney and Conroy, this claim should be allowed to proceed at this early stage in the litigation for the reasons previously stated.

Finally, as to plaintiff's cross motion for leave to file a second amended complaint, we cannot say that Supreme Court abused its discretion in granting plaintiff leave to amend its complaint against certain defendants; however, we modify those claims that have been affected by our earlier determinations.[12] Leave to amend a pleading "should be freely granted in the absence of prejudice or surprise resulting from the delay except in situations where the proposed amendment is wholly devoid of merit" (Edwards & Zuck, P.C. v Cappelli Enters., Inc., 124 AD3d 181, 183 [2014] [internal quotation marks and citations omitted]; accord Loch Sheldrake Beach & Tennis Inc. v Akulich, 141 AD3d 809, 811 [2016], lv dismissed ___ NY3d ___ [Dec. 22, 2016]; see CPLR 3025 [b]).

To prevail on a claim for aiding and abetting a breach of fiduciary duty, the cause of action must allege "(1) a breach by a fiduciary of obligations to another, (2) that the defendant

---

[12]  Although plaintiff specifically stated in its notice of appeal that it was appealing from, among other things, that portion of the amended order partially denying its cross motion for leave to amend, it failed to address in its brief Supreme Court's denial of the proposed claims against Arney, Balaban-Krause, Callaghan, Gosdeck, Hodes, Johansmeyer and Reda. As such, any arguments with respect thereto are deemed abandoned (see Wiggins v Kopko, 94 AD3d 1268, 1269 n 1 [2012]; Hoffman v Cannone, 206 AD2d 740, 740 n [1994]).

knowingly induced or participated in the breach, and (3) that the plaintiff suffered damage as a result of the breach" (Kaufman v Cohen, 307 AD2d 113, 125 [2003]; see Torrance Constr., Inc. v Jaques, 127 AD3d 1261, 1264 [2015]).  "A defendant knowingly participates in the breach of fiduciary duty when he or she provides substantial assistance to the fiduciary, which occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur" (Schroeder v Pinterest Inc., 133 AD3d 12, 25 [2015] [internal quotation marks and citation omitted]; see Monaghan v Ford Motor Co., 71 AD3d 848, 850 [2010]).

Plaintiff's proposed aiding and abetting a breach of fiduciary duty claim against PRMCS states that PRMCS "knowingly induced and participated in" breaches of fiduciary duties by certain trustee defendants, PRM and the PRM individual defendants, among others, as owed to the trust, which resulted in monetary damages.  Although we have already determined that a breach of fiduciary duty has been adequately stated against PRM and certain of the PRM individual defendants, we find that Supreme Court properly determined that plaintiff's proposed claim is insufficient as plaintiff only alleges conclusory statements as to how PRMCS provided substantial assistance (see McBride v KPMG Intl., 135 AD3d 576, 578-579 [2016]; see generally Roni LLC v Arfa, 15 NY3d 826, 827 [2010]; compare Smallberg v Raich Ende Malter & Co., LLP, 140 AD3d 942, 944 [2016]).  That said, we agree that plaintiff sufficiently alleged that the remaining defendants who are trustees had a fiduciary duty to plaintiff, that PRM and the PRM individual defendants knew of this duty and participated with those trustees in administrative conduct designed to breach that fiduciary duty and that plaintiff sustained damages as a result.  However, we limit this cause of action as to only those defendants, i.e., Brason, Carpentar, Cort, James Dwyer, Eichorn, Fraher, Karl Hagan, James Mahoney, McGorry, Schaefer, Schwartz, Shames, Smith, Swanson, Tooker, Robert Vein, Wang and Hazle Woodley, for whom a breach of fiduciary duty claim is not time-barred, and as to the remaining PRM individual defendants, Arney and Conroy.

Next, plaintiff's proposed aiding and abetting a breach of fiduciary duty claim against the Phillips Lytle trustee

defendants is based upon the theory that PRM and the PRM individual defendants had a fiduciary duty to plaintiff, that these defendants knew of this duty and nonetheless participated with PRM and the PRM individual defendants in conduct designed to breach that fiduciary duty and that plaintiff sustained damages as a result. As we have previously determined that PRM and the PRM individual defendants' breach of fiduciary duty claim is subject to a three-year statute of limitations (compare Cusimano v Schnurr, 137 AD3d 527, 530 [2016]), claims asserted against Buckley, Flitt, Katz, Kolb, Raymond, Richards and Slifkin are time-barred based upon the submission of their unchallenged affidavits. However, as to the remaining Phillips Lytle trustee defendants, we discern no error in Supreme Court's decision to grant that branch of plaintiff's motion (compare Markowits v Friedman, 144 AD3d 993, 996 [2016]).

Turning to plaintiff's proposed claims for aiding and abetting fraud, the cause of action must state in detail "the existence of an underlying fraud, knowledge of the fraud by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the fraud" (Nabatkhorian v Nabatkhorian, 127 AD3d 1043, 1043 [2015]; see Weinberg v Mendelow, 113 AD3d 485, 487-488 [2014]; see also CPLR 3016 [b]). Affording the pleadings a liberal construction and accepting the facts alleged as true (see Nabatkhorian v Nabatkhorian, 127 AD3d at 1044), plaintiff's proposed claim adequately states a cause of action against PRM and Arney and Conroy, in their individual capacities, for aiding and abetting fraud. Specifically, the proposed claim alleges that, among other things, these defendants knew that PRMCS fraudulently and purposefully withheld information or provided incorrect information in regards to the financial condition of the trust and its compliance with governing law, and that these defendants provided substantial assistance by taking administrative actions to assist or conceal such fraudulent activity (see Goldson v Walker, 65 AD3d 1084, 1084-1085 [2009]; Houbigant, Inc. v Deloitte & Touche, 303 AD2d 92, 100 [2003]). Similarly, plaintiff's proposed claim adequately states a cause of action against PRMCS and Arney and Conroy, in their capacities as owners or officers of PRMCS, for aiding and abetting fraud as it alleges that these defendants knew of fraudulent acts by PRM, among others, and provided

substantial assistance by permitting "inherent conflicts of interest" and through its "control over the claims administration process" (compare Goel v Ramachandran, 111 AD3d 783, 792-793 [2013]).

In regard to the Phillips Lytle trustee defendants, to the extent that the cause of action for aiding and abetting fraud is based on allegations of fraudulent conduct by Buckley, Cort and Katz, the six-year statute of limitations serves as a bar because plaintiff commenced this action more than six years from when these defendants ceased serving as trustees (see CPLR 213 [8]; NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d at 798).  However, as to the remaining Phillips Lytle trustee defendants, we agree that the proposed claim adequately set forth that these defendants had actual knowledge of the fraudulent acts of PRM, among others, and that they provided substantial assistance to the commission of the fraud through their actions as trustees (see Goldson v Walker, 65 AD3d at 1085; compare Winkler v Battery Trading, Inc., 89 AD3d 1016, 1017-1018 [2011]).  The parties' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Garry, J.P., Rose, Devine and Mulvey, JJ., concur.


ORDERED that the order and amended order are modified, on the law, without costs, by reversing so much thereof as (1) granted a motion by defendants Program Risk Management, Inc., PRM Claims Services, Inc., Thomas Arney, Colleen Bardascini, John M. Conroy, Gail Farrell and Edward Sorenson to dismiss (a) the sixteenth cause of action against them, (b) the twenty-fifth cause of action against defendants Thomas Arney and John M. Conroy, and (c) the thirty-second cause of action against defendants PRM Claims Services, Inc., Thomas Arney and John M. Conroy (in their individual capacities), and (2) granted plaintiff's motion for leave to amend its complaint to assert proposed causes of action for aiding and abetting breach of fiduciary duty and fraud against certain defendants; said motions denied and plaintiff's causes of action are correspondingly

limited to the extent set forth in this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court