■ NEW YORK STATE WORKERS' COMPENSATION BOARD, as Administrator of the WORKERS' COMPENSATION LAW AND ATTENDANT REGULATIONS and as Successor in Interest to the COMMUNITY RESIDENCE INSURANCE SAVINGS PLAN, Appellant-Respondent, v PROGRAM RISK MANAGEMENT, INC., et al., Respondents-Appellants, and BOARD OF TRUSTEES OF THE COMMUNITY RESIDENCE INSURANCE SAVINGS PLAN et al., Respondents, et al., Defendants. [55 NYS3d 790]—

Lynch, J. Cross appeal from an order of the Supreme Court (Platkin, J.), entered October 5, 2015 in Albany County, which, among other things, partially granted certain defendants' motions to dismiss the complaint.

The Community Residence Insurance Savings Plan, a group self-insured trust, was formed in 1995 to provide workers' compensation to the employees of the members of the trust (see Workers' Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3). Defendants Janice Johnson, Antonia Lasicki, Thomas McKeown, John Lessard, Ann Hardiman, Vincent Sirangelo, Phillip Saperia, Steven Greenfield, Peter Pierri, Fred Apers, Peter Campanelli and Diana Antos-Arens (hereinafter collectively referred to as the trustee defendants), among others, each served as individual trustees. Shortly after the trust was formed, it contracted with defendant Program Risk Management, Inc. (hereinafter PRM) to administer the trust (see 12 NYCRR 317.2 [g]) and, in 2001, the trust contracted with defendant PRM Claims Services, Inc. (hereinafter PRMCS) to administer its claims (see 12 NYCRR 317.2 [d]). Defendants Thomas Arney, John M. Conroy, Edward A. Sorensen and Mark J. Crawford (hereinafter collectively referred to as the PRM individual defendants) are former or current officers of PRM and PRMCS and/or served in various corporate capacities. Defendant Thomas Gosdeck served as counsel to the trust and as qualifying officer to PRMCS.

In 2004, plaintiff began advising the trust that it was underfunded and required the execution of a number of consent agreements intended to preserve it. In 2010, plaintiff deemed the trust to be underfunded with a regulatory deficit of more

than $7,900,000, and, when efforts to reduce this deficit failed, the trustees voted to stop providing workers' compensation. After advising the trustees that the trust had "demonstrated an inability to properly administer its liabilities," plaintiff assumed the administration of the trust, effective August 2011. A subsequent forensic audit determined that, as of December 31, 2010, the trust was underfunded by more than $60,715,450.

In June 2013, plaintiff commenced this action in both its capacity as the governmental agency charged with administering the state's workers' compensation program and as the trust's successor in interest. As relevant on this appeal, plaintiff seeks to recover damages for breach of contract against PRM, PRMCS and the PRM individual defendants (hereinafter collectively referred to as the PRM defendants) and the trustee defendants (first cause of action); breach of the duty of good faith and fair dealing against the PRM defendants and the trustee defendants (second cause of action); breach of fiduciary duty against PRM and the PRM individual defendants, the trustee defendants and Gosdeck (fourth, fifth and sixth causes of action); fraud against the PRM defendants (seventh cause of action); unjust enrichment against Gosdeck (ninth cause of action); negligent misrepresentation against the PRM defendants and Gosdeck (tenth cause of action); legal malpractice against Gosdeck (eleventh cause of action); contractual indemnification against the PRM defendants (sixteenth cause of action); and common-law indemnification against all defendants (eighteenth cause of action). Plaintiff also seeks a judgment declaring the PRM defendants to be alter egos (thirteenth cause of action) and an accounting from PRM and PRMCS (fifteenth cause of action). As relevant herein, the PRM defendants, the trustee defendants and Gosdeck each moved to dismiss the complaint against them.

Supreme Court dismissed plaintiff's causes of action for breach of fiduciary duty against PRM, the PRM individual defendants and the trustee defendants as duplicative of the breach of contract causes of action. The court also dismissed plaintiff's cause of action for a declaratory judgment regarding the alter ego liability of PRM and PRMCS, but allowed the claim as against the PRM individual defendants. The court denied the motions to dismiss the first cause of action alleging breach of contract against the PRM defendants and the trustee defendants and the ninth cause of action alleging unjust enrichment against Gosdeck, but subjected both causes of action to a six-year statute of limitations. Similarly, the court denied Gosdeck's motion to dismiss the cause of action for legal mal-

practice. Finally, the court dismissed plaintiff's claim for common-law indemnification against PRMCS and Gosdeck, but denied the motions by the trustee defendants and PRM to dismiss this claim against them. Plaintiff appeals and the PRM defendants, the trustee defendants and Gosdeck cross-appeal.

During the pendency of this appeal, this Court decided *State of N.Y. Workers' Compensation Bd. v Wang* (147 AD3d 104 [2017]). We find, and the parties confirmed at oral argument, that certain rulings in *Wang* are applicable to a number of issues presented on this appeal. Accordingly, we hold that Supreme Court properly determined that the doctrine of equitable estoppel did not toll the statute of limitations governing plaintiff's first cause of action for breach of contract (*see State of N.Y. Workers' Compensation Bd. v Wang*, 147 AD3d at 112-113). Further, we find that the court should not have dismissed plaintiff's fourth cause of action for breach of fiduciary duty against PRM and the PRM individual defendants and the fifth cause of action for breach of fiduciary duty against the trustee defendants as redundant of the breach of contract cause of action (*see State of N.Y. Workers' Compensation Bd. v Wang*, 147 AD3d at 115).\* Supreme Court properly denied the motion to dismiss plaintiff's thirteenth cause of action against Conroy and Arney, both of whom served as officers to PRM and PRMCS, but should have dismissed the claim as against Sorensen and Crawford (*see State of N.Y. Workers' Compensation Bd. v Wang*, 147 AD3d at 116). Also pursuant to *Wang*, we find that Supreme Court properly permitted the common-law indemnification cause of action, as alleged in its governmental capacity, to continue against PRM, but should not have dismissed this cause of action against PRMCS (*see State of N.Y. Workers' Compensation Bd. v Wang*, 147 AD3d at 118; *compare New York State Workers' Compensation Bd. v Fuller & LaFiura, CPAs, P.C.*, 146 AD3d 1110, 1112-1113 [2017]). Contrary to the argument raised by the PRM defendants, plaintiff's authority to assert claims in its governmental capacity may be inferred from its statutory and regulatory authority to administer insolvent group self-insured trusts (*see State of N.Y.*

---

\* With respect to these fiduciary claims, we hold that, pursuant to the open repudiation rule, which provides that the statute of limitations begins when the fiduciary relationship ends, all alleged misconduct prior to July 2011, when PRM and the PRM individual defendants were replaced, is actionable (*see New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc.*, 125 AD3d 1250, 1253 [2015]). Notwithstanding, inasmuch as plaintiff does not dispute that Greenfield and Pierri terminated their fiduciary relationships prior to June 16, 2010, the fifth cause of action for breach of fiduciary duty is dismissed against them.

*Workers' Compensation Bd. v Wang*, 147 AD3d at 118; *Accredited Aides Plus, Inc. v Program Risk Mgt., Inc.*, 147 AD3d 122, 136-137 [2017]; *State of N.Y. Workers' Compensation Bd. v Madden*, 119 AD3d 1022, 1024 [2014]).

Turning to the remaining issues on appeal, the PRM defendants contend that plaintiff's breach of contract claims must be dismissed because the alleged breaches were controlled by the consent agreements, which, among other things, established and mandated certain premium and discount formulas. On this motion, we "afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the nonmoving party the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (*NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc.*, 141 AD3d 792, 794 [2016] [internal quotation marks, brackets and citation omitted]). This standard, though liberal, "will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence or are inherently incredible" (*Jenkins v Jenkins*, 145 AD3d 1231, 1234 [2016] [internal quotation marks and citation omitted]). Accordingly, a cause of action should be dismissed "where the documentary evidence utterly refutes the plaintiff's allegations, conclusively establishing a defense as a matter of law" (*id.* [internal quotation marks, ellipsis and citation omitted]; *see* CPLR 3211 [a] [1]).

Here, plaintiff alleges that the PRM defendants breached their contractual obligations by "among other things, failing to provide for the proper capitalization of the [t]rust; setting improper contribution rates; improperly placing excess insurance and re-insurance coverage; allowing excessive and duplicative trust expenses; failing to provide adequate . . . loss control services, risk management services . . . and regulatory compliance services; failing to ensure the filing of a fidelity bond; failing to comply with the trust's membership requirements in relation to the admission, renewal[ ] and removal of [m]embers; failing to prevent inherent conflicts of interest; and failing to perform management functions and accepting of fees in violation of the [t]rust's [g]overning [d]ocuments." We agree with Supreme Court's conclusion that while the consent agreements may constitute a defense to certain claims, the documents do not "conclusively refute[ ]" plaintiff's claim that the PRM defendants breached their obligations under their agreements with the trust (*Mason v First Cent. Natl. Life Ins. Co. of N.Y.*, 86 AD3d 854, 855-856 [2011]; *see State of N.Y. Workers' Compensation Bd. v Madden*, 119 AD3d

at 1029). Further, on a motion to dismiss pursuant to CPLR 3211 (a) (7), we must ascertain whether a claim exists, allowing the requisite favorable inferences, without consideration of the merits of any such claim and, in our view, plaintiff's first cause of action meets this standard (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Mason v First Cent. Natl. Life Ins. Co. of N.Y.*, 86 AD3d at 855-856).

Turning to Gosdeck's cross appeal, we find that Supreme Court properly denied the motion to dismiss plaintiff's claim for legal malpractice against him. Initially, we reject Gosdeck's argument that plaintiff was required to allege that he was the sole proximate cause of alleged damages. Rather, "[i]n an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused [the] plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [internal quotation marks and citation omitted]). "An attorney's conduct or inaction is the proximate cause of a plaintiff's damages if *but for* the attorney's negligence the plaintiff . . . would not have sustained actual and ascertainable damages" (*Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d 40, 50 [2015] [internal quotation marks and citations omitted; emphasis added]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *Rodriguez v Jacoby & Meyers, LLP*, 126 AD3d 1183, 1185-1186 [2015], *lv denied* 25 NY3d 912 [2015]). We agree with Supreme Court that, on this motion to dismiss a claim of legal malpractice that is based on negligent legal advice given over a period of time, the "but for" standard is not synonymous with sole proximate cause and that plaintiff's burden is to prove that Gosdeck's negligence was a proximate cause of damages (*see Barnett v Schwartz*, 47 AD3d 197, 205 [2007]; *compare Dawson v Schoenberg*, 129 AD3d 656, 658 [2015], *lv denied* 26 NY3d 919 [2016] [where legal malpractice arose during a criminal proceeding]).

Here, plaintiff alleges that Gosdeck served as counsel to the trust from the time it was formed until plaintiff assumed the administration of the trust. While counsel, Gosdeck also served at various times as the trust's chairperson and as a qualifying officer of PRMCS, which plaintiff claims created a conflict of interest. Plaintiff alleges, among other things, that Gosdeck failed to warn the trustees that the trust was underfunded, failed to observe the trust formalities and abide the terms and

conditions of the trust documents. Further, plaintiff claims that Gosdeck recommended and prepared agreements that were detrimental to the trust, that he approved a retention plan that reduced cash flow to the trust and that he failed to recommend independence between the claims administrator and program administrator. According to plaintiff, Gosdeck's conduct and omissions "had a substantial and material impact on, and contributed to, the ultimate deficit of the [t]rust," and, more specifically, that "[a]s a direct and proximate result of" Gosdeck's alleged conduct, plaintiff was "damaged in an aggregate amount that currently is not ascertainable . . . based on the total deficit of the [t]rust . . . for amounts incurred as the result of significant additional administrative expenses . . . and . . . the fees and/or compensation paid to Gosdeck by the [t]rust."

Accepting these allegations to be true, as we must (*see NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc.*, 141 AD3d at 794), we find that plaintiff adequately stated a cause of action for legal malpractice. Further, although plaintiff did not specify the damages, at this early stage plaintiff "need only plead allegations from which damages attributable to the defendant's malpractice might be reasonably inferred" (*Rock City Sound, Inc. v Bashian & Farber, LLP*, 74 AD3d 1168, 1171 [2010], *lv dismissed* 16 NY3d 826 [2011]; *see InKine Pharm. Co. v Coleman*, 305 AD2d 151, 152 [2003]). Gosdeck's claim that the audit report constituted documentary evidence warranting dismissal of the cause of action pursuant to CPLR 3211 (a) (1) is without merit, because the document expressing the auditors' opinions fails to conclusively refute all of the claims asserted against him (*see State of N.Y. Workers' Compensation Bd. v Wang*, 147 AD3d at 114).

Gosdeck contends next that Supreme Court should have dismissed plaintiff's cause of action for unjust enrichment. To recover under a theory of unjust enrichment, "[a] plaintiff must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011] [internal quotation marks, brackets and citations omitted]). Here, the gravamen of plaintiff's unjust enrichment claim is that Gosdeck accepted fees for services that he did not perform at the expense of the trust. Liberally construed, and giving the plaintiff the benefit of every favorable inference, we find that Supreme Court properly determined that plaintiff stated a cause of action for unjust enrichment (*see Comprehen-*

*sive Mental Assessment & Med. Care, P.C. v Gusrae Kaplan Nusbaum, PLLC*, 130 AD3d 670, 671-672 [2015]; *Johnson v Proskauer Rose LLP*, 129 AD3d 59, 70 [2015]). Finally, with respect to Gosdeck, we agree that plaintiff has not alleged conduct sufficient to impose personal liability for the alleged tortious acts of PRMCS (*see State of N.Y. Workers' Compensation Bd. v Wang*, 147 AD3d at 116).

We have considered the parties' remaining contentions and, to the extent that they have not been rendered academic by the foregoing decision, find them to be without merit.

Egan Jr., J.P., Rose, Clark and Mulvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted the motion by defendants Program Risk Management, Inc., Thomas Arney, John M. Conroy, Edward A. Sorensen and Mark J. Crawford to dismiss the fourth cause of action against them, (2) granted the motion by defendants Janice Johnson, Antonia Lasicki, Thomas Mc-Keown, John Lessard, Ann Hardiman, Vincent Sirangelo, Phillip Saperia, Steven Greenfield, Peter Pierri, Fred Apers, Peter Campanelli and Diana Antos-Arens to dismiss the fifth cause of action against them, (3) denied the motion by defendants Edward A. Sorensen and Mark J. Crawford to dismiss the thirteenth cause of action against them, and (4) granted the motion by defendant PRM Claim Services, Inc. to dismiss the eighteenth cause of action against it; motions granted and denied to said extent, the fifth cause of action is dismissed against defendants Steven Greenfield and Peter Pierri and plaintiff's causes of action are correspondingly limited to the extent set forth in this Court's decision; and, as so modified, affirmed.