■ D. Penguin Brothers Ltd. et al., Appellants, v National Black United Fund, Inc., Respondent. [26 NYS3d 524]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered July 22, 2014, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 and 3016 (b), unanimously affirmed, with costs.

Plaintiffs allege that defendant engaged in a conspiracy to defraud them via a real estate scheme involving nonparties David Spiegelman and James Robert Williams and several affiliated entities. They claim that Spiegelman and Williams, in conjunction with defendant and the affiliated entities, induced them to deposit millions of dollars in escrow for the purported

purchase of properties so that the conspirators could access and misappropriate the funds. Spiegelman was plaintiffs' attorney, and Williams allegedly held high-ranking positions with defendant.

The fraud claims, to the extent they accrued in 2005, when plaintiffs transferred funds into an escrow account (*see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 43 [1995]; *Ingrami v Rovner*, 45 AD3d 806, 808 [2d Dept 2007]), are barred by the applicable statute of limitations (CPLR 213 [8]). Those claims accrued more than six years before the complaint was filed, on May 6, 2013, and, in light of plaintiffs' admission that they discovered the thefts on or after February 3, 2011, are not saved by the statute's two-year discovery rule. We perceive no basis for applying the doctrine of equitable estoppel; plaintiffs were afforded the benefit of the two-year discovery rule, and they failed to demonstrate that further acts of concealment prevented them from commencing the action within the two-year period. In any event, the fraud claims fail to allege facts sufficient to permit a reasonable inference that defendant was involved in the scheme (*see* CPLR 3016 [b]; *Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486 [2008]).

The six-year limitations period applies to the aiding and abetting breach of fiduciary duty claims, since those claims are based on allegations of actual fraud (*see Kaufman v Cohen*, 307 AD2d 113, 119 [1st Dept 2003]). However, the claims are untimely, since they accrued in May 2005, when plaintiffs first suffered losses by transferring funds into an escrow account (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 140 [2009]). We perceive no basis for applying the doctrine of equitable estoppel. In any event, the conclusory allegations concerning defendant's involvement in the fraud scheme are insufficient to give rise to an inference that defendant substantially assisted Spiegelman in breaching his fiduciary duty to plaintiffs (*see Roni LLC v Arfa*, 15 NY3d 826 [2010]).

We also see no basis for applying the doctrine of equitable estoppel to bar defendant from asserting a statute of limitations defense to the unjust enrichment claim. In any event, plaintiffs do not allege facts demonstrating a relationship sufficient to hold defendant liable, and their allegations that defendant participated in and benefited from the fraud scheme are conclusory (*see Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 518 [2012]; *Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]).

We have considered plaintiffs' remaining contentions and

find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.