*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 12, 2017                    522088
_____

NEW YORK STATE WORKERS'
    COMPENSATION BOARD, as
    Administrator of the
    Workers' Compensation Law
    and Attendant Regulations
    and as Successor in Interest
    to the OHI Workers'
    Compensation Trust,
                          Respondent-
                          Appellant,

        v                                  MEMORANDUM AND ORDER

FULLER & LaFIURA, CPAs, P.C.,
                          Appellant-
                          Respondent,

        and

CODY MANAGEMENT, INC., Also
    Known as CODY MANAGEMENT
    SERVICES, INC., et al.,
                          Respondents,
                          et al.,
                          Defendants.
_____

Calendar Date:  November 14, 2016

Before:  McCarthy, J.P., Garry, Rose, Mulvey and Aarons, JJ.

                          _____


        Bond, Schoeneck & King, PLLC, Buffalo (Bradley A. Hoppe of
counsel), for appellant-respondent.

        Hinman Straub, PC, Albany (Joseph M. Dougherty of counsel),
for respondent-appellant.

        Frye & Carbone, LLC, Utica (Richard A. Frye of counsel),
for Joan Hastings, respondent.

Lombardi, Walsh, Davenport & Amadeo, PC, Albany (Paul E. Davenport of counsel), for Donald Persico and others, respondents.

Dryer Boyajian, LLP, Albany (John J. Dowd of counsel), for Joseph Alonzo Jr., respondent.

_____

Rose, J.

Cross appeal from an order of the Supreme Court (Platkin, J.), entered April 28, 2015 in Albany County, which, among other things, partially granted certain defendants' motions to dismiss the amended complaint.

The OHI Workers' Compensation Trust, a group self-insured trust, was formed in 1997 to provide mandated workers' compensation coverage to employees of trust members (see Workers' Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3). Defendant Cody Management, Inc., the trust's group administrator, contracted with defendant Fuller & LaFiura, CPAs, P.C. for accounting and auditing services, defendant Milliman, Inc. for actuarial services and defendant Claims Services, Inc. (hereinafter CSI) for claims administration and risk management services. Defendants Robert Ottman, Donald Persico, James Hart, Joan Hastings, Joseph Alonzo Jr. and Robert Eldredge served as trustees at various times. In 2011, plaintiff determined that the trust was insolvent and assumed its administration (see 12 NYCRR 317.20). A later forensic analysis found that the trust had accumulated a deficit of approximately $8.27 million.

In 2013, plaintiff commenced this action seeking to recover the trust's deficit from defendants. The 119-page amended complaint alleged numerous causes of action, including breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, fraud, aiding and abetting fraud, and common-law indemnification against Fuller and the trustees. In addition, plaintiff alleged causes of action sounding in unjust enrichment

and professional negligence against Fuller and negligence and gross negligence against the trustees. When Fuller and five of the trustees each moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), Supreme Court partially granted Fuller's motion dismissing the breach of fiduciary duty and common-law indemnification claims for failure to state a cause of action. The court also dismissed the breach of the duty of good faith and fair dealing claim against Fuller as duplicative of the breach of contract claim. Although Supreme Court made numerous determinations as to the applicable statutes of limitations, it did not dismiss any claims asserted against Fuller on that ground. Supreme Court also partially granted the trustees' motions by dismissing the claim that they had breached their duty of good faith and fair dealing as duplicative of the claim against them for breach of contract. Fuller appeals, and plaintiff cross-appeals.

We find merit in plaintiff's contention that Supreme Court erred in dismissing the breach of fiduciary duty claim asserted against Fuller (tenth cause of action). Although the duty owed by an accountant is generally not fiduciary in nature (see Bitter v Renzo, 101 AD3d 465, 465 [2012]; Caprer v Nussbaum, 36 AD3d 176, 194 [2006]), a fiduciary relationship exists where the accountant is "under a duty to act for or to give advice for the benefit of [the client] upon matters within the scope of the relation" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005] [internal quotation marks and citation omitted]; see Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 592-593 [2012]). This inquiry is "necessarily fact-specific" (Marmelstein v Kehillat New Hempstead: Rav Aron Jofen Community Synagogue, 11 NY3d 15, 21 [2008] [internal quotation marks and citation omitted]), and the dispositive factor is whether there is "confidence on one side and resulting superiority and influence on the other" (New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d 1148, 1152 [2014] [internal quotation marks and citations omitted]; see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 11 NY3d 146, 158 [2008]). Plaintiff alleged that Fuller held itself out to have the requisite skill and expertise to maintain the trust's financial records, provide auditing services and — importantly — provide advice to the trust regarding the trust's financial status. According to plaintiff,

Fuller breached its fiduciary duty by knowingly and consistently concealing the trust's true financial condition and failing to properly advise the trust regarding its solvency, causing over $8 million in damages. Accepting these allegations as true and giving plaintiff the benefit of every favorable inference (see Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 52 [2016]), we find that plaintiff's cause of action for breach of fiduciary duty is sufficiently stated to survive Fuller's motion to dismiss (see New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d at 1153).

We are unpersuaded, however, that Supreme Court erred in dismissing the common-law indemnification claim against Fuller (cause of action thirty-nine) arising from plaintiff's status as successor in interest to the trust. It is well settled that such a claim "requires a showing that the plaintiff and the defendant owed a duty to third parties, and that the plaintiff discharged the duty which, as between the plaintiff and the defendant, should have been discharged by the defendant" (Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc., 106 AD3d 1255, 1258 [2013] [internal quotation marks, brackets and citation omitted]; see Rosado v Proctor & Schwartz, 66 NY2d 21, 24 [1985]; Westbank Contr., Inc. v Rondout Val. Cent. School Dist., 46 AD3d 1187, 1189 [2007]). However, as we stated in State of N.Y. Workers' Compensation Bd. v Madden (119 AD3d 1022, 1024 [2014]), plaintiff is only entitled to indemnification as successor in interest if the trust would have been able to assert such a claim in its own right. Here, as in Madden, plaintiff has alleged only that Fuller breached duties that were owed to the trust and, by extension, to plaintiff. Plaintiff does not allege that Fuller and the trust had any common duties to third parties that were discharged by the trust, but should have been discharged by Fuller (see id. at 1024). Accordingly, "plaintiff's claim[] against [Fuller] arising from its role as successor in interest [is] direct, and do[es] not sound in common-law indemnification" (id.).

As to plaintiff's alternative indemnification claim predicated upon its role as the governmental agency charged with the administration of the Workers' Compensation Law, we similarly find that the amended complaint fails to allege that Fuller "had

any duty in common with plaintiff's statutory obligation to maintain the trust's solvency" (id.; see HANYS Servs. v Empire Blue Cross & Blue Shield, 292 AD2d 61, 66 [2002], lv denied 98 NY2d 612 [2002]).  Rather, the complaint alleges only that Fuller owed duties to the trust to provide professional advice and services.  Further, we cannot agree with plaintiff's argument that 12 NYCRR 317.8 gives rise to any obligation on the part of Fuller to maintain the trust's solvency.

We also reject plaintiff's contention that Supreme Court erred in dismissing its claims for breach of the duty of good faith and fair dealing against Fuller and the trustees (sixth and seventh causes of action).  Our review of the complaint confirms that these claims "arise[] from the same [operative] facts and seek[] the same damages as the breach of contract claim[s]" against Fuller and the trustees (NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 794 [2016] [internal quotation marks and citation omitted]; see Edem v Grandbelle Intl., Inc., 118 AD3d 848, 849 [2014]; Netologic, Inc. v Goldman Sachs Group, Inc., 110 AD3d 433, 433-434 [2013]).

Turning to the applicable statutes of limitations, we cannot agree with Fuller's contention that Supreme Court erred in finding that portion of the breach of contract claim asserted against it (third cause of action) is based upon allegations of intentional conduct, and, therefore, that portion is subject to a six-year statute of limitations.  Although Fuller correctly notes that an action to recover damages for malpractice, other than medical, dental or podiatric malpractice, must be commenced within three years, "regardless of whether the underlying theory is based in contract or tort" (CPLR 214 [6]; see Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.], 3 NY3d 538, 541-542 [2004]), professional malpractice "does not generally encompass intentional acts" (New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d at 1151).  Here, the amended complaint contains allegations that Fuller breached its contract through intentional conduct such as "knowingly and willfully disregard[ing] and/or participat[ing] in inappropriate accounting practices . . . and/or manipulat[ing] [the trust's] annual reports and misrepresent[ing] the true financial condition of [the trust]."  This portion of the breach of contract claim

cannot be said to be the equivalent of a claim for malpractice, and, accordingly, it is subject to the six-year statute of limitations generally applicable to breach of contract actions (see CPLR 213 [2]; New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d at 1151). Therefore, any intentional conduct occurring before May 31, 2007 – six years prior to the commencement of this action on May 31, 2013 – is time-barred. The remaining part of the breach of contract claim is predicated upon Fuller's alleged malpractice, and we agree with Supreme Court that it is subject to a three-year statute of limitations period (see CPLR 214 [6]). Thus, the remaining part of the breach of contract cause of action against Fuller for services provided prior to May 31, 2010 is time-barred (see New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d at 1151; see generally Williamson v PricewaterhouseCoopers LLP, 9 NY3d 1, 8 [2007]).[1]

Next, Fuller contends that Supreme Court erred in failing to order the dismissal of the portions of the causes of action for aiding and abetting a breach of fiduciary duty (fourteenth cause of action), aiding and abetting fraud (twenty-third cause of action) and professional negligence (thirty-second cause of action) that Supreme Court determined were governed by the three-year statute of limitations period set forth in CPLR 214 (6).[2] Starting first with the causes of action for aiding and abetting a breach of fiduciary duty and aiding and abetting fraud, plaintiff contends that Supreme Court, in the first instance, erred in applying a three-year statute of limitations to those

[1] As we explain below, we agree with Supreme Court that the applicable limitations periods are not tolled by the doctrines of continuous representation or equitable estoppel.

[2] Fuller also raises this argument in regard to the claim of fraud asserted against it. However, inasmuch as Fuller's motion to dismiss did not seek dismissal of the fraud claim on statute of limitations grounds, this argument was waived (see CPLR 3211 [e]; Dougherty v City of Rye, 63 NY2d 989, 991-992 [1984]; see also New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d at 1154-1155).

claims. We agree. The cause of action for aiding and abetting a breach of fiduciary duty is premised upon allegations that Fuller, among other things, intentionally misrepresented the trust's true financial condition with the knowledge that this would aid and abet the breach of fiduciary duties by the trustees, Cody and CSI. Inasmuch as "the allegations of fraud perpetrated by [Fuller] are essential to this claim, a six-year statute of limitations pursuant to CPLR 213 (8) is applicable" (New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d at 1154; see D. Penguin Bros. Ltd. v National Black United Fund, Inc., 137 AD3d 460, 461 [2016]). Similarly, our review of the aiding and abetting fraud claim confirms that the underlying facts are also based in fraud, and, thus, the six-year statute of limitations also applies to this claim (see CPLR 213 [8]; NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d at 798). Accordingly, these causes of action are timely insofar as they allege conduct occurring after May 31, 2007.

As for the cause of action asserted against Fuller for professional negligence, we cannot agree with plaintiff's argument that the doctrine of continuous representation applies to toll the applicable three-year statute of limitations until Fuller delivered its last audited financial statement on May 4, 2011. It is well settled that "'[t]he continuous representation doctrine tolls the statute of limitations . . . where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim'" (Deep v Boies, 121 AD3d 1316, 1318 [2014], lv denied 25 NY3d 903 [2015], quoting McCoy v Feinman, 99 NY2d 295, 306 [2002]; see Giarratano v Silver, 46 AD3d 1053, 1055 [2007]). However, the existence of a continuing, general, professional relationship is insufficient to invoke this doctrine. Instead, the doctrine applies only in the narrow circumstance "where the continuing representation pertains specifically to the matter in which . . . the alleged malpractice" occurred (Shumsky v Eisenstein, 96 NY2d 164, 168 [2001]; accord Deep v Boies, 121 AD3d at 1318; see Chicago Tit. Ins. Co. v Mazula, 47 AD3d 999, 1000 [2008]). Here, we agree with Supreme Court that the allegations of professional malpractice against Fuller are exclusively directed at the separate and discrete yearly audited financial statements that Fuller prepared (see 12 NYCRR 317.19

[a] [2]).  In addition, plaintiff has not alleged that it engaged Fuller to provide corrective or remedial services after Fuller submitted the financial statements or that plaintiff and Fuller explicitly contemplated further services regarding completed financial statements (see Williamson v PricewaterhouseCoopers LLP, 9 NY3d at 11).  Under these circumstance, Supreme Court properly found that the continuous representation doctrine was inapplicable (see id. at 10-11; Rodeo Family Enters., LLC v Matte, 99 AD3d 781, 784 [2012]; Giarratano v Silver, 46 AD3d at 1055).  Accordingly, the cause of action for professional negligence is time-barred to the extent that it alleges actions occurring prior to May 31, 2010.

Finally, Supreme Court correctly declined to apply the doctrine of equitable estoppel to preclude Fuller and the trustees from asserting statutes of limitations defenses.  This doctrine "is an extraordinary remedy which applies where a party is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the other" (City of Binghamton v Hawk Eng'g P.C., 85 AD3d 1417, 1420 [2011] [internal quotation marks and citations omitted], lv denied 17 NY3d 713 [2011]; accord Pulver v Dougherty, 58 AD3d 978, 979-980 [2009]).  "For the doctrine to apply, a plaintiff may not rely on the same act that forms the basis for the claim — the later fraudulent misrepresentation must be for the purpose of concealing the former tort" (Ross v Louise Wise Servs., Inc., 8 NY3d 478, 491 [2007] [citations omitted]; see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 789 [2012]).  Here, the amended complaint establishes that the alleged efforts to conceal the trust's true financial condition that underlie plaintiff's equitable estoppel argument are also the basis for its direct claims against Fuller and the trustees (see Cusimano v Schnurr, 137 AD3d 527, 532 [2016]; Nichols v Curtis, 104 AD3d 526, 528 [2013]).  In addition, it is apparent from the amended complaint that plaintiff was aware as early as 2007 that the trust was operating at a deficit, but nevertheless waited until 2013 to commence this action.

The parties' remaining contentions, to the extent not specifically addressed herein, have been considered and found to be without merit.

McCarthy, J.P., Garry, Mulvey and Aarons, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted a motion by defendant Fuller & LaFiura, CPAs, P.C. to dismiss the tenth cause of action and (2) held that a three-year statute of limitations applies to the fourteenth and twenty-third causes of action; motion denied as to the tenth cause of action, a six-year statute of limitations applies to the fourteenth and twenty-third causes of action, and any conduct occurring before May 31, 2007 with respect to the fourteenth and twenty-third causes of action is dismissed; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court