Aarons, J.
 

 Cross appeal from an order of the Supreme Court (Platkin, J.), entered April 11, 2016 in Albany County, which partially granted certain defendants’ motions to dismiss the second amended complaint against them.
 

 The Team Transportation Workers’ Comp Trust, a group self-insured trust, was formed in 1995 to provide workers’ compensation coverage to employees of the members of the trust (see Workers’ Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3). Defendants Joseph Dana Murphy, Jeanne Cason, Scott T. Earl, Gilbert F. Houk, Larry Feher and Pamela Rexer Rood (hereinafter collectively referred to as the trustee defendants) each served as individual trustees of the trust. Defendant Regnier Consulting Group, Inc. provided actuarial services and prepared certain actuarial reports on an annual basis for the trust (see 12 NYCRR 317.19 [a] [3]). Defendants Dorfman-Robbie, Certified Public Accountants, PC. and Bonadio & Co. LLP provided financial auditing services for the trust (see 12 NYCRR 317.19 [a] [2]).
 

 In 2009, plaintiff determined that the trust was underfunded. Upon a recommendation by the trustee defendants, the trust members voted to close the trust and, in 2012, plaintiff assumed control over it. A forensic review revealed that the trust was underfunded by approximately $32.5 million. Plaintiff thereafter commenced this action against Regnier and the trustee defendants, among others. Regnier and the trustee defendants separately moved to dismiss the second amended complaint under CPLR 3211. Supreme Court partially granted the motions. This appeal by plaintiff and cross appeal by Regnier ensued.
 

 Turning first to Regnier’s cross appeal, Regnier contends that the independent forensic report created by an accounting firm establishes a complete defense to plaintiff’s causes of action. “[T]o succeed on a motion under CPLR 3211 (a) (1), a defendant must show that the documentary evidence upon which the motion is predicated resolves all factual issues as a matter of law and definitively disposes of the plaintiff’s claim” (Lopes v Bain, 82 AD3d 1553, 1554 [2011] [internal quotation marks and citations omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Even assuming that such report constituted documentary evidence for purposes of CPLR 3211 (a) (1), the opinions expressed therein did not “conclusively refute all of the claims asserted against [Regnier]” (New York State Workers’ Compensation Bd. v Program Risk Mgt., Inc., 150 AD 3d 1589, 1594 [2017]). Accordingly, Supreme Court properly denied Regnier’s motion to the extent predicated on this report.
 

 Regarding the cause of action asserted against Regnier for a breach of a fiduciary duty, Regnier argues that it should have been dismissed due to the absence of specific facts in the second amended complaint to support such claim. “A fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation” (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005] [internal quotation marks and citation omitted]). Whether such relationship exists is a fact-specific inquiry (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 11 NY3d 146, 158 [2008]; New York State Workers’ Compensation Bd. v SGRisk, LLC, 116 AD3d 1148, 1152 [2014]). The second amended complaint alleged that Regnier agreed to act for the benefit of the trust “based upon its unique knowledge and specialized skill, creating a relationship of trust and confidence” between the two of them. The second amended complaint further alleged that Regnier would “exercise good faith and undivided loyalty” to the trust in the preparation of accurate actuarial reports related to the financial health of the trust, that the trust relied on Regnier to provide proper actuarial services, that Regnier breached its fiduciary duty by failing, among other things, to properly evaluate the reasonableness of data provided to it and by failing to reflect unallocated loss adjustment expenses liabilities, and that such breach resulted in the trust’s deficit of over $32 million. These allegations, when viewed in a light most favorable to plaintiff, are sufficient to state a cause of action for breach of a fiduciary duty (see Loch Sheldrake Beach & Tennis Inc. v Akulich, 141 AD3d 809, 811 [2016], lv dismissed 28 NY3d 1104 [2016]; New York State Workers’ Compensation Bd. v SGRisk, LLC, 116 AD3d at 1152-1153). As to the timeliness of the breach of the fiduciary duty claim, contrary to Regnier’s assertion, we find that Supreme Court properly applied the open repudiation rule to toll the statute of limitations (see New York State Workers’ Compensation Bd. v Consolidated Risk Servs., Inc., 125 AD3d 1250, 1252-1253 [2015]).
 

 Regarding the claim against Regnier for aiding and abetting a breach of a fiduciary duty, such claim “requires a prima facie showing of a fiduciary duty owed to [the] plaintiff!,] a breach of that duty, and [the] defendant’s substantial assistance in effecting the breach, together with resulting damages” (Yuko Ito v Suzuki, 57 AD3d 205, 208 [2008] [internal quotations marks, ellipses and citation omitted]; see State of N.Y. Workers’ Compensation Bd. v Wang, 147 AD3d 104, 119 [2017]). Contrary to Regnier’s argument, the second amended complaint sufficiently alleged with the requisite specificity that Regnier “knowingly induced and/or participated” in a breach of the other defendants’ fiduciary duties to the trust. As such, dismissal of this claim is not warranted.
 

 Relying on CPLR 3016 (b), Regnier argues that the claims for fraud and aiding and abetting a fraud were not pleaded with sufficient specificity. We disagree. Plaintiff alleged that Regnier made intentional misrepresentations and intentionally withheld information to induce the trust to continue working with it. Plaintiff also alleged that it relied on the representations contained in Regnier’s annual reports when assessing the trust’s financial stability and that such reliance prevented it from making a reasoned and informed decision as to whether to continue the trust’s operations and led to the trust’s insolvency. In view of the foregoing, the fraud claim was sufficiently pleaded (see CPLR 3016 [b]; New York State Workers’ Compensation Bd. v SGRisk, LLC, 116 AD3d at 1154). We similarly conclude that plaintiff sufficiently alleged a cause of action for aiding and abetting fraud. In this regard, the second amended complaint stated that Regnier was aware of the fraudulent actions by other defendants, that it purposely withheld information in its actuarial reports to assist those defendants and that such actions led to the trust’s deficits (see Goldson v Walker, 65 AD3d 1084, 1085 [2009]).
 

 We reject Regnier’s assertion that the negligence and gross negligence claims should have been dismissed in their entirety because plaintiff failed to allege that it owed the trust a duty of care. “[A]n actuary, possessing special knowledge, can be held liable for the negligent performance of its services” (Health Acquisition Corp. v Program Risk Mgt., Inc., 105 AD3d 1001, 1004 [2013]). The second amended complaint alleged that Regnier held itself out as a skilled and competent actuary, that Regnier prepared actuarial reports to the trust, and that Regnier failed to provide competent actuarial services. More critically, the second amended complaint further alleged that Regnier knew that the trust would be relying on the accuracy of such reports and that Regnier was aware that its services were employed to represent the trust’s finances. Under these circumstances and viewing the allegations in a light most favorable to plaintiff, we conclude that there were sufficient allegations of near privity to survive a motion to dismiss with respect to the negligence and gross negligence claims (see id. at 1003-1004; see generally Credit Alliance Corp. v Arthur Andersen & Co., 65 NY2d 536, 551 [1985], amended 66 NY2d 812 [1985]; Allianz Underwriters Ins. Co. v Landmark Ins. Co., 13 AD3d 172, 175 [2004]).
 

 Meanwhile, plaintiff, in support of its appeal, contends that Supreme Court erred in limiting the temporal scope of the negligence and gross negligence claims asserted against Regnier to acts committed after January 2, 2011. We disagree. Contrary to plaintiff’s contention that these causes of action did not accrue until the trust’s insolvency in 2012, plaintiff’s claim accrued upon the delivery of Regnier’s actuarial reports regarding the trust’s finances (cf. Ackerman v Price Waterhouse, 84 NY2d 535, 541 [1994]). Accordingly, to the extent that plaintiff’s negligence or gross negligence claims are premised on reports delivered to the trust prior to January 2, 2011—i.e., more than three years prior to the commencement of the action—such claims are time-barred.
 
 *
 

 Plaintiff asserts that, in its capacity as a governmental agency, it has a viable common-law indemnification claim against Regnier. Consistent with our decisions in New York State Workers’ Compensation Bd. v Fuller & LaFiura, CPAs, P.C. (146 AD3d 1110, 1112-1113 [2017]) and State of N.Y. Workers’ Compensation Bd. v Madden (119 AD3d 1022, 1024 [2014]), we disagree. Nor do we agree with plaintiff that 12 NYCRR 317.18 or 317.19 (a) (3) created a duty on the part of Regnier to ensure the solvency of the trust (see State of N.Y. Workers’ Compensation Bd. v Madden, 119 AD3d at 1024).
 

 With respect to the cause of action alleging that the trustee defendants breached an implied duty of good faith and fair dealing, we conclude that Supreme Court properly dismissed such claim as duplicative of the breach of contract cause of action. In this regard, the second amended complaint, under the claim for breach of an implied duty of good faith and fair dealing and the claim for breach of contract, alleges that the trustees defendants failed to discharge their duties under the trust agreement, thereby leading to the trust’s deficit of over $32 million. Given that the claim for breach of an implied duty of good faith and fair dealing “arises from the same [operative] facts and seeks the same damages as [the] breach of contract claim” (NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 794 [2016] [internal quotation marks and citation omitted]; see New York State Workers’ Compensation Bd. v Fuller & LaFiura, CPAs, P.C., 146 AD3d at 1113), we find no error in the dismissal of the breach of an implied duty of good faith and fair dealing claim insofar as asserted against the trustee defendants.
 

 We reach a different result with respect to the cause of action alleging that the trustee defendants aided and abetted a breach of a fiduciary duty. This claim was premised on the notion that Dorfman-Robbie and Bonadio breached a fiduciary duty to plaintiff. Supreme Court found that “the duties owed by Dorfman-Robbie and Bonadio to the [t]rust were not fiduciary in nature” and, therefore, dismissed the aiding and abetting a breach of a fiduciary duty claim against the trustee defendants to the extent premised on a breach of a fiduciary duty by Dorfman-Robbie and Bonadio. Our review of the second amended complaint, however, confirms that the allegations against Dorfman-Robbie and Bonadio were sufficient to state a cause of action for breach of a fiduciary duty (see New York State Workers’ Compensation Bd. v Fuller & LaFiura, CPAs, P.C., 146 AD3d at 1112). To that end, according to the second amended complaint, the trustee defendants were aware of the fiduciary duty owed by Dorfman-Robbie and Bonadio to the trust, that they substantially assisted in the breach of that duty by permitting the use of improper accounting methods for financial statement and reports prepared for the trust and that the trust sustained damages as a consequence of such actions. In view of the foregoing, the cause of action against the trustee defendants for aiding and abetting a breach of a fiduciary duty to the extent premised upon a breach of a fiduciary duty by Dorfman-Robbie and Bonadio should not have been dismissed (see Torrance Constr., Inc. v Jaques, 127 AD3d 1261, 1264 [2015]; compare Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co., 64 AD3d 472, 476 [2009], lv denied 13 NY3d 709 [2009]). The remaining arguments, to the extent not specifically discussed herein, have been examined and do not have merit.
 

 Peters, P.J., Garry, Mulvey and Pritzker, JJ., concur.
 

 Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of the motion by defendants Joseph Dana Murphy, Jeanne Cason, Scott T. Earl, Gilbert F. Houk, Larry Feher and Pamela Rexer Rood to dismiss the cause of action for aiding and abetting a breach of a fiduciary duty to the extent premised upon a breach of a fiduciary duty by defendants Dorfman-Robbie, Certified Public Accountants, PC. and Bonadio & Co. LLP; motion denied to said extent; and, as so modified, affirmed.
 

 *
 

 Plaintiff commenced this action against Regnier on January 2, 2014 and the applicable statute of limitations, which is not in dispute, is three years (see CPLR 214 [4]; IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]).