Hartshorne v Roman Catholic Diocese of Albany, N.Y. (2021 NY Slip Op 07329)





Hartshorne v Roman Catholic Diocese of Albany, N.Y.


2021 NY Slip Op 07329


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

531824
[*1]Mary Hartshorne et al., Respondents,
v
Roman Catholic Diocese of Albany, New York, et al., Appellants.

Calendar Date:November 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Tobin and Dempf, LLP, Albany (Michael L. Costello), for Roman Catholic Diocese of Albany, New York, appellant.
Barclay Damon LLP, Albany (Brian E. Whiteley of counsel), for St. Clare's Corporation and others, appellants.
AARP Foundation, Washington, DC (Dara S. Smith of counsel, admitted pro hac vice), for respondents.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Versaci, J.), entered July 16, 2020 in Schenectady County, which denied defendants' motions to dismiss the amended complaint against them.
Defendant Roman Catholic Diocese of Albany, New York (hereinafter the Diocese) cofounded defendant St. Clare's Corporation (formerly known as St. Clare's Hospital of Schenectady, N.Y.; hereinafter the corporation) to operate a hospital in the City of Schenectady, Schenectady County. In the course of those operations, the corporation established defendant St. Clare's Hospital Retirement Income Plan (hereinafter the plan) to provide a pension benefit to retired hospital employees and their beneficiaries. As the plan was determined to be a "church plan" by the Internal Revenue Service (hereinafter IRS) in 1992, it was exempt from provisions of the Employment Retirement Income Security Act of 1974 (29 USC § 1001 et seq. [hereinafter ERISA]) holding pension plans to minimum funding requirements and obliging them to carry pension insurance (see 29 USC §§ 1003 [b] [2]; 1321 [b] [3]; see generally Advocate Health Care Network v Stapleton, ___ US ___, ___, ___, 137 S Ct 1652, 1656-1657, 1663 [2017]). The corporation thereafter made inadequate contributions to the plan, which remained in precarious financial straits despite the closure of the plan to new members, limits on the ability of current members to accumulate additional years of service, and a cash infusion associated with the state-mandated merger that led to the hospital's closure in 2008. The situation became untenable and, in 2018, the corporation terminated the plan and advised pension recipients that their benefits would either be reduced or ended as of February 1, 2019. Defendant Joseph F. Pofit and the other members of the corporation's board of directors then filed a petition for judicial dissolution in which they represented, among other things, that the corporation owed over $50,000,000 to the plan and had no assets to make the plan whole.
Plaintiffs, former employees of the corporation, responded in September 2019 by commencing this action for, in relevant part, breach of contract and breach of fiduciary duty. The Diocese and its bishops during the relevant period, defendants Edward B. Scharfenberger and Howard J. Hubbard (hereinafter collectively referred to as the diocesan defendants), moved to dismiss the complaint against them as contradicted by documentary evidence and as failing to state a cause of action. The corporation, the plan and Pofit, as well as defendant Robert Perry (hereinafter collectively referred to as the St. Clare's defendants), separately moved to dismiss the complaint against them on those grounds and as time-barred. Plaintiffs thereafter amended the complaint, and all parties agreed to treat the pending motions as directed toward the amended complaint. Supreme Court denied the motions, prompting this appeal.
We affirm. Turning first to the contention of the St. Clare's [*2]defendants that the claims against them are time-barred, they were obliged to "demonstrat[e], prima facie, that the time within which to commence the action has expired" (Krog Corp. v Vanner Group, Inc., 158 AD3d 914, 915 [2018] [internal quotation marks and citations omitted]; see Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 168 AD3d 1162, 1166 [2019]). The statute of limitations for a breach of contract claim is six years and, although many of the alleged actions that eventually led to the termination of the plan payments occurred beyond that period, each failure to make promised pension payments to plaintiffs was itself a breach "actionable for six years from [its] occurrence" (Bulova Watch Co. v Celotex Corp., 46 NY2d 606, 612 [1979]; see CPLR 213 [2]; Medalie v Jacobson, 120 AD2d 652, 652 [1986]). As such, the St. Clare's defendants did not show plaintiffs' breach of contract claim, which was asserted less than a year after the pension payments were first reduced or terminated in February 2019, to be untimely. Similarly, plaintiffs' breach of fiduciary duty claim only accrued when the damages from the alleged breach were sustained — that is, the reduction or termination of pension payments in 2019 — and said claim is timely against the St. Clare's defendants regardless of whether a three- or six-year statute of limitations applies to it (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 140 [2009]; Vestal v Pontillo, 158 AD3d 1036, 1041 [2018]).
As for whether plaintiffs have stated viable claims, "[o]n a motion to dismiss under CPLR 3211, the pleading is to be given a liberal construction, the allegations contained within it are assumed to be true and the plaintiff is to be afforded every favorable inference" (Simkin v Blank, 19 NY3d 46, 52 [2012]; see McQuade v Aponte-Loss, 195 AD3d 1219, 1220 [2021]; Shephard v Friedlander, 195 AD3d 1191, 1192 [2021]). Affidavits and other proof provided by the plaintiff may be relied upon to remedy any inadequacies in the complaint, as "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Carlson v American Intl. Group, Inc., 30 NY3d 288, 298 [2017]; He v Apple, Inc., 189 AD3d 1984, 1985 [2020]). The liberal construction afforded to the complaint will not, however, "save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence" (County of Saratoga v Delaware Eng'g, D.P.C., 189 AD3d 1926, 1927 [2020] [internal quotation marks and citations omitted]; see CPLR 3211 [a] [1], [7]; Simkin v Blank, 19 NY3d at 52; Vestal v Pontillo, 158 AD3d at 1038). As a result, even if a claim is adequately pleaded for purposes of CPLR 3211 (a) (7), it will be dismissed under CPLR 3211 (a) (1) if it is utterly refuted by documentary evidence such as "the terms of a written agreement that is complete, clear and unambiguous [*3]on its face" (McQuade v Aponte-Loss, 195 AD3d at 1220; see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175 [2021]; Shephard v Friedlander, 195 AD3d at 1193).
There is no doubt here that, liberally construed, the amended complaint states a breach of contract claim via factual allegations that plaintiffs sustained damages when the corporation and the plan violated contractual commitments to, most notably, properly fund the plan and make promised payments following its termination. The St. Clare's defendants argue that the documentary evidence demonstrates that they had unfettered discretion to alter the plan in a manner that reduced or terminated benefits, but the documents are far from conclusive on that point. To the contrary, a 2000 restatement of the plan applicable to plaintiffs specifies that "[n]o pension or other benefit granted prior to the time of any amendment or modification of the [p]lan shall be reduced, suspended, or discontinued as a result thereof" unless necessary to comply with legal requirements, and that accrued benefits "shall be . . . nonforfeitable" in the event of the plan's termination. A 2005 summary plan description contains similar assurances and, indeed, promises plaintiffs and other plan participants that "no modification, suspension or termination of the [p]lan may reduce" benefits that they had already accrued. The documentary evidence accordingly fails to conclusively refute the allegations that plaintiffs had contractually vested "rights to accrued benefits" that were violated, and Supreme Court correctly declined to dismiss the breach of contract claim against the St. Clare's defendants (Pacella v Town of Newburgh Volunteer Ambulance Corps. Inc., 164 AD3d 809, 813 [2018]; see Labor Law § 198-c [2]; Matter of Horn & Hardart Co. v Ross, 58 AD2d 518, 519 [1977]; Bisbing v Sterling Precision Corp., 34 AD2d 427, 428-429 [1970]).
As for the contention of the St. Clare's defendants that plaintiffs' breach of fiduciary duty claim is duplicative of the breach of contract claim, "[i]t is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; see NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 794-795 [2016]). A breach of fiduciary duty claim is not duplicative, however, if "fiduciary 'liability is not dependent solely upon an agreement or contractual relation between the fiduciary and the beneficiary but results from the relation'" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 20 [2005], quoting Restatement [Second] of Torts § 874, Comment b; see New York State Workers' Compensation Bd. v Program Risk Mgt., Inc., 155 AD3d 1484, 1485 [2017]). The amended complaint alleges the existence of a relation beyond a merely contractual one, pointing to specific [*4]provisions in fund documents imposing a fiduciary duty upon the St. Clare's defendants in their administration of the plan, and the proof annexed to the motion papers does not conclusively contradict those allegations.[FN1] Indeed, the 2000 restatement of the plan explicitly names the corporation as a fiduciary obliged to "discharge [its] duties . . . solely in the interest of the participants and beneficiaries" (29 USC § 1104 [a] [1]; see 29 USC § 1102 [a] [2]). Thereafter, when a trust was created to hold the plan's assets in 2009, Pofit and other members of the corporation's board of directors became trustees required to act "for the exclusive benefit of" plaintiffs and the other "[b]eneficiaries of the [t]rust." Plaintiffs allege that the St. Clare's defendants and the diocesan defendants breached their fiduciary duties in various respects and, accepting the foregoing as true, we agree with Supreme Court that plaintiffs sufficiently pleaded a breach of fiduciary duty claim against them (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d at 20; State of N.Y. Workers' Compensation Bd. v Wang, 147 AD3d 104, 114-115 [2017]). Supreme Court, as a result, properly denied the motion of the St. Clare's defendants to dismiss the complaint.
Finally, we reject the diocesan defendants' argument that plaintiffs failed to allege facts that would warrant holding them liable for the behavior of the St. Clare's defendants. The amended complaint sets forth in detail how the Diocese is the original cosponsor of the corporation, which now operates out of the Diocese's offices, and notes how the corporation's listing in a directory of Roman Catholic institutions is suggestive of a close and continuing relationship between it and the Diocese. Other allegations flesh out that connection to suggest that the Diocese oversaw and controlled the activities of the St. Clare's defendants, such as that the diocesan bishop is an automatic member of the corporation's board of directors who has authority to name four other directors and that the corporation's organizational chart refers to its board as subordinate to the Diocese. Indeed, plaintiffs flatly assert that the Diocese, acting through its bishop, "has made all major decisions affecting the rights and benefits of the [p]lan's participants." Accepting those allegations as true, and given the reality that "a fact-laden claim to pierce the corporate veil is unsuited for resolution on a pre-answer, pre-discovery motion to dismiss" (Cortlandt St. Recovery Corp., 31 NY3d 30, 47 [2018]), plaintiffs sufficiently "allege[d] the existence of a corporate obligation and that [the diocesan defendants] exercised complete domination and control over the corporation and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice" (id. at 48 [internal quotation marks and citations omitted]; see Talmadge v Roman Catholic Diocese of Albany, 167 AD3d 1361, 1362 [2018]; Barnes v Dungan, 261 AD2d 797, 799[*5][1999]). Thus, Supreme Court properly denied the diocesan defendants' motion.
To the extent that they are not addressed above, defendants' remaining contentions have been examined and found to lack merit.
Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Notwithstanding the suggestion of both the St. Clare's defendants and the diocesan defendants, the "amended complaint sufficiently alleged with the requisite specificity that" they breached a fiduciary duty owed to plaintiffs (New York State Workers' Compensation Bd. v Program Risk Mgt., Inc., 155 AD3d at 1486; see CPLR 3016 [b]). Although "disclosure will undoubtedly result in a refining of the action," the failure to provide "exact specificity at this procedural juncture . . . is not a ground for dismissal" (Serio v Rhulen, 24 AD3d 1092, 1094 [2005]).