Rosenberg v OSG, LLC (2024 NY Slip Op 00691)

Rosenberg v OSG, LLC

2024 NY Slip Op 00691

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, O'Neill Levy, Michael, JJ. 

Index No. 158616/21 Appeal No. 1611 Case No. 2023-01782 

[*1]Stephanie Rosenberg et al., Plaintiffs-Appellants,
v
OSG, LLC Doing Business as Odyssey Study Group et al., Defendants-Respondents.

Lieb at Law, P.C., Smithtown (Mordy Yankovich of counsel), for appellants.
Eva H. Posman, New York, for OSG, LLC, Sharon Gans Horn, Minerva Taylor, Lorraine Imlay and Michael Horn, fiduciary respondents.
Sonnenfeld & Richman LLP, New York (Judith R. Richman of counsel), for Minerva Taylor, Lorraine Imlay, Ken Salaz and Greg Koch, individual respondents.

Order, Supreme Court, New York County (Lori Sattler, J.), entered on or about October 4, 2022, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiffs' claims under the New York Labor Law were properly dismissed, as the complaint fails to allege that they were "employees" of defendant OSG, LLC, d/b/a Odyssey Study Group (OSG) or any of the individual defendants (see Heijung Park v Nam Yong Kim, 205 AD3d 429, 430 [1st Dept 2022]; see also Bhanti v Brookhaven Mem. Hosp. Med. Ctr., 260 AD2d 334, 335 [2d Dept 1999]; Labor Law § 190[2]). The pleadings contain no specific factual allegations that would support a finding of an employer relationship, and instead allege that plaintiffs joined OSG as "members," paid OSG a monthly membership fee, and provided assistance to OSG on unidentified dates during their nearly 15 years as members (see e.g. Stokely v UMG Recs., Inc., 144 AD3d 575 [1st Dept 2016]). Plaintiffs' general assertions that OSG and the individual defendants were all "employers" and "directed [them] to perform work and maintained substantial control over [their] work activities" are bare legal conclusions that are insufficient to state a cause of action under the Labor Law (see Ullmann v Norma Kamali, Inc., 207 AD2d 691, 692 [1st Dept 1994]; see also Matter of Sud v Sud, 211 AD2d 423, 424 [1st Dept 1995]).
Plaintiffs' fraud in the inducement claim is per se defective, as it is based on allegations that defendants made misrepresentations with the intent of inducing plaintiffs' reliance on them "upon information and belief" (see Weinberg v Kaminsky, 166 AD3d 428, 429 [1st Dept 2018], quoting Facebook, Inc. v DLA Piper LLP (US), 134 AD3d 610, 615 [1st Dept 2015]). In any event, plaintiffs fail to sufficiently allege that they justifiably relied on any alleged misrepresentation (see Epiphany Community Nursery Sch. v Levey, 171 AD3d 1, 9-10 [1st Dept 2019]). Plaintiffs' unjust enrichment claim was also properly dismissed, as the complaint asserts no nonconclusory facts suggesting that defendants were enriched at their expense (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 183 [2011]). Their assertion that defendants made them perform free labor "in order to line their pockets" is conclusory and insufficient to state a cause of action for unjust enrichment (see D. Penguin Bros. Ltd. v National Black United Fund, Inc., 137 AD3d 460, 461 [1st Dept 2016]). Finally, plaintiffs' quantum meruit claims fail because there is no allegation that plaintiffs expected compensation for their services, and they failed to allege, with any specificity, the reasonable value of these services (Soumayah v Minnelli, 41 AD3d 390, 391 [1st Dept 2007]).
Plaintiff's request to replead is denied, as they did not provide an amended pleading or any specific information about the nature of the proposed claims before the motion court (see Triumph Enters. Corp. v Webster Auto Repair & Serv. Ctr., Inc., 216 AD3d 444, [*2]445 [1st Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2024